**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ATAKLTI ABRAHAM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-719-G** |
| | ) | |
| **CHRIS GANTT, Warden, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER

On April 6, 2026, Petitioner Ataklti Abraham filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review. Certain Respondents filed an Answer (Doc. No. 9), and Petitioner replied (Doc. No. 10).[1]

On July 20, 2026, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 12), in which she recommended that the Petition be granted and Petitioner released from custody. *See id.* at 7-18 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Respondents filed an Objection (Doc. No. 13) to the R. & R.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The appearing respondents are United States Attorney General Todd Blanche and Markwayne Mullin, Secretary of the U.S. Department of Homeland Security.

*I. Background*

Petitioner is a citizen of Eritrea who entered the United States on or about May 25, 2023. R. & R. at 2. On June 23, 2023, the Department of Homeland Security ("DHS") charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(1) and issued a Notice to Appear (Doc. No. 9-3). Petitioner alleges that on July 11, 2023, he was released from ICE custody and granted work authorization. R. & R. at 2; *see* Pet'r's Reply at 2.

On January 3, 2025, an Immigration Judge denied Petitioner's requests for asylum and withholding of removal and ordered that Petitioner be removed to Eritrea or, alternatively, to Germany. R. & R. at 2; Doc. No. 9-4. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"). R. & R. at 2.

Petitioner was taken into DHS custody on June 13, 2025, during a scheduled check-in. Pet. at 2, 6. He remains in custody at Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* at 1; Resp'ts' Status Report (Doc. No. 18).

On November 6, 2025, the BIA dismissed Petitioner's appeal, making the removal order "administratively final." 8 U.S.C. § 1231(a)(1)(B)(i); *see* R. & R. at 3; Pet. at 6; Doc. No. 9-6.

Respondents allege that once Petitioner's removal order became final, immigration officials began actions to facilitate his removal. *See* Answer at 3. On December 24, 2025, ICE Enforcement and Removal Operations ("ERO") submitted a travel document request to the German Embassy. ERO Officer Decl. ¶ 12 (Doc. No. 9-1). The German Embassy responded that Petitioner "no longer had documents allowing him to enter or remain in

Germany." *Id.* ¶ 13. On January 19, 2026, ERO submitted a travel document request to the Embassy of Eritrea and the U.S. Department of State in Asmara, Eritrea. *Id.* ¶ 14; R. & R. at 3.

On April 6, 2026, Petitioner filed the Petition, which raises four habeas claims: (1) arbitrary and unlawful arrest and detention in violation of due process; (2) prolonged detention under *Zadvydas*; (3) prolonged detention under 8 U.S.C. § 1231 in violation of the Fifth Amendment and the Administrative Procedure Act; and (4) prolonged detention without a bond hearing in violation of the Fifth Amendment Due Process Clause. *See* Pet. at 6-7; R. & R. at 3-4. For relief, Petitioner seeks immediate release on an order of supervision or a prompt custody review. *See* Pet. at 7; R. & R. at 4.

*II. Relevant Standards*

"The Government's ability to detain, release, and revoke the release of noncitizens subject to removal orders is governed by specific regulations." *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025). "Subject to certain exceptions, 8 U.S.C. § 1231(a)(1) provides a default 90-day period within which the Government must ordinarily remove a noncitizen subject to a final removal order." *Id.*; *see also Zadvydas*, 533 U.S. at 682 ("When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody.").

The 90-day removal period begins, as relevant here, on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). If a noncitizen is

not removed within this removal period, he or she may be released "subject to supervision" as set forth by relevant regulations. *Id.*; *see* 8 C.F.R. §§ 241.4, 241.13.

> However, the Government retains discretionary authority to detain some aliens "beyond the removal period." [8 U.S.C.] § 1231(a)(6); *see Zadvydas*, 533 U.S. at 682 ("A special statute authorizes further detention if the Government fails to remove the alien during those 90 days." (citing § 1231(a)(6))). Section 1231(a)(6) does not specify how long relevant aliens may be detained beyond the removal period. However, the Supreme Court in *Zadvydas v. Davis* held that "a statute permitting indefinite detention of an alien would raise a serious constitutional problem" because it would directly implicate the Fifth Amendment's Due Process Clause. *Id.* at 690. The Court consequently held that § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689. The Court further specified that detention is presumptively reasonable for only six months. *Id.* at 701. *See also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating "the reasonable period of removal detention is presumptively six months"). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

*Sani v. Figueroa*, No. CIV-26-970-JD, 2026 WL 2533037, at *5 (W.D. Okla. Aug. 27, 2026) (R. & R.) (alteration omitted), *adopted*, 2026 WL 3089271 (W.D. Okla. Oct. 15, 2026).

As explained by the Tenth Circuit, "*Zadvydas* does not establish a bright-line rule under which the first six months of immigration detention are always acceptable and any detention after that point is automatically impermissible." *Abedi v. Carter*, __ F.4th __, No. 25-3179, 2026 WL 3149141, at *27 (10th Cir. Oct. 21, 2026). "Instead, *Zadvydas* holds that federal courts should exercise their habeas jurisdiction to decide whether a

noncitizen is being detained 'within, or beyond, a period reasonably necessary to secure removal.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699).

*III. The Report and Recommendation*

In the R. & R., Judge Maxfield concluded that Petitioner's prolonged detention violates *Zadvydas* and recommended that the Court grant relief on that basis and decline to address the remaining claims. *See* R. & R. at 7-19. Respondents' Objection largely restates the arguments made to the magistrate judge and to that extent fails to evince any error in the R. & R. The undersigned has considered Respondents' specific objections below.

*A. The Court's Jurisdiction*

Respondents' Answer asserted that the Court lacks "jurisdiction to review the Attorney General's decision to execute Petitioner's removal order." Answer at 2 n.2, 7-8 (citing 8 U.S.C. § 1252(g)). Judge Maxfield rejected Respondents' jurisdictional argument, concluding that the Court may properly hear "Petitioner's claim brought pursuant to the Supreme Court's precedent in *Zadvydas*" and that Petitioner was not challenging the removal determination or the execution of the removal order. R. & R. at 7-8 (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

In the Objection, Respondents again assert that the Court lacks jurisdiction to review Petitioner's habeas claims. *See* Resp'ts' Obj. at 6-7. Having considered the issue de novo, the Court finds no jurisdictional impediment here. In relevant part, Petitioner challenges not the Immigration Judge's decision but the legality of his continued detention. *See* Pet. at 2, 6-7; *see also* Answer at 6. A district court may issue a writ of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). And "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas*, 533 U.S. at 688; *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). This objection is overruled.

*B. Petitioner's Zadvydas Claim*

Next, the R. & R. concluded that Petitioner is entitled to relief because his continued post-removal-order detention is unreasonable and violates *Zadvydas*. *See* R. & R. at 8-18 (noting that the April 6, 2026 Petition was filed five months after the removal order became final on November 6, 2025); *see also Abedi*, 2026 WL 3149141, at *26 (holding that the court should focus on "the time that has elapsed since the removal period was triggered" in calculating "which time should 'count'" toward *Zadvydas*' presumptively reasonable six-month period).

*1. Petitioner's Claim Is Properly Before the Court*

Respondents object that the Petition is premature and "not ripe" because Petitioner had been detained only 151 days, rather than 180 days, when he filed the Petition. *See* Resp'ts' Obj. at 5, 7-9. As numerous courts have recognized, however,

> *Zadvydas* only "adopt[ed] a presumption—not a conclusive bar to adjudication of whether continued detention is authorized that lifts only after six months have elapsed." *Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025). . . . Accordingly, a "petitioner is not barred from arguing that his detention has become prolonged prior to the six month presumptively reasonable period expiring." *Blandon v. Warden of the Mesa Verde Det. Facility*, No. 1:26-CV-01117-DAD-DMC(HC), 2026 WL 1506320, at *1 (E.D. Cal. May 29, 2026).
>
> The structure of *Zadvydas* itself confirms that the six-month period operates as a presumption, not a rigid jurisdictional bar that forces

> federal courts to consider only evidence existing on the date of the petition's filing. . . .
>
> *Lee v. Crawford*, No. 2:25CV535, 2026 WL 745263, at *4 (E.D. Va. Feb. 27, 2026), *report and recommendation adopted*, 2026 WL 738591 (E.D. Va. Mar. 16, 2026); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) ("[N]othing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional time period has elapsed."); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395-98 (D.N.J. 2025) (holding 6-month presumption is rebuttable, and *Zadvydas* does not "preclude[] Petitioner from challenging his detention prior to the six-month mark"); *Zhu v. Noem*, No. 5:25-CV-00239, 2025 WL 4710076, at *8 n.4 (S.D. Tex. Dec. 23, 2025) ("[T]he Court also rejects any argument that Petitioner's claim should be dismissed on the ground that it was brought prior to the conclusion of the six-month presumptively reasonable period.").

*Sani*, 2026 WL 2533037, at *7-8 (alterations in original) (citations omitted).

In addition, Petitioner has now been in continuous post-removal-period detention for more than six months, and "[f]ederal courts routinely consider post-filing developments in habeas proceedings challenging immigration detention." *Id.* (internal quotation marks omitted) (citing *Momennia v. Bondi*, No. CIV-25-1067-J, 2025 WL 3011896, at *9 (W.D. Okla. Oct. 15, 2025) (R. & R.), *adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025)). Respondents' prematurity objection is overruled.

*2. Petitioner Has Met His Initial Burden and Respondents Have Failed to Rebut That Showing*

Because Petitioner has been detained for more than six months since the removal order became final on November 6, 2025, Respondents are "no longer entitled to a presumption of reasonableness for [Petitioner's] detention." *Abedi*, 2026 WL 3149141, at *28. The Court instead "must conduct a case-specific analysis" to determine whether Petitioner's detention "meets the *Zadvydas* reasonableness standard absent this presumption"—i.e., to decide "whether the 'circumstances amount to detention within, or

beyond, a period reasonably necessary to secure removal.'" *Id.* (alteration omitted) (quoting *Zadvydas*, 533 U.S. at 699).

Judge Maxfield concluded that Petitioner had met his burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see* R. & R. at 9-13. To meet this burden, a petitioner "must demonstrate the existence of either institutional barriers to repatriation or obstacles particular to his removal" and "must present evidence beyond speculation and conjecture." *Dusabe v. Jones*, No. CIV-24-464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024) (R. & R.) (internal quotation marks omitted), *adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025). Judge Maxfield further concluded that Respondents had failed to furnish "evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *see* R. & R. at 10-18.

Respondents object to both determinations and (1) note unrelated cases in which Eritrea had previously accepted noncitizens, (2) suggest that the issuance of travel documents is merely delayed, and (3) argue that the United States could "potentially" remove Petitioner to a third country. Resp'ts' Obj. at 9-12. As thoroughly addressed in the R. & R., however, the record before the Court reflects multiple "barriers" and "obstacles" to Petitioner being removed any time soon.

For example, ERO submitted a request to Eritrean officials for travel in January of 2026, but Respondents have provided no update or evidence that ERO has followed up on that request. R. & R. at 10-11; *see* ERO Officer Decl. ¶ 14. "Such prolonged silence reinforces" the conclusion "that removal is not significantly likely in the reasonably

foreseeable future." *Thabata v. Blanche*, No. CIV-26-531-J, 2026 WL 1495209, at *2 (W.D. Okla. May 28, 2026). And while Respondents suggest that third-country removal is a possibility, the only alternative country identified by ICE—Germany—"has already apparently denied Petitioner's travel document request." R. & R. at 12; *see* ERO Officer Decl. ¶¶ 12-13. "[M]ere intent to find a third country is too speculative to permit indefinite detention or to overcome [Petitioner's] showing." *Momennia*, 2025 WL 3011896, at *10.

Finally, Petitioner has now been detained in postremoval custody for over one year. *See* Resp'ts' Status Report at 1. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeably future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. The undersigned concurs with the R. & R. that, in the circumstances of this case, Petitioner's lengthening "period of post-removal order detention . . . shrinks the reasonably foreseeable future Respondents have to remove him." R. & R. at 12. And there is no evidence, only speculation, to support a finding that Petitioner will be removed—much less in the reasonably foreseeable future.[2]

Having conducted the required de novo review, the undersigned concludes that Petitioner's detention fails to meet the *Zadvydas* reasonableness standard and that "the circumstances amount to detention . . . beyond . . . a period reasonably necessary to secure removal." *Abedi*, 2026 WL 3149141, at *28 (alteration and internal quotation marks omitted). Petitioner is therefore entitled to habeas relief, as recommended in the R. & R.

---

[2] Notably, the ERO Officer's Declaration "fails to assert that [the officer] believes Petitioner's removal is significantly likely in the foreseeable future." R. & R. at 14.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 12) is ADOPTED in its entirety.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED pursuant to 28 U.S.C. § 2241.

2. Respondents are ORDERED to immediately release Petitioner Ataklti Abraham into the United States, subject to an appropriate order of supervision.

3. Respondents shall file a declaration pursuant to 28 U.S.C. § 1746 within three (3) days of the date of this Order affirming Petitioner's release from custody into the United States.

4. Petitioner's remaining habeas claims are DISMISSED without prejudice.

5. Petitioner's Motions (Doc. Nos. 11, 15, 16) are DENIED AS MOOT.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 19th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge